To the act of 1818, ch. 979, the Tar River Navigation Company owes its existence. That act gave it its incipient form, and enabled it, by a transfer to it of certain powers, to become a corporation. It declares, among other things, "that if it shall appear to the commissioners upon the return of the books that the sum of $30,000 has been subscribed, the said subscribers, their heirs and assigns, from the time of their first meeting, shall be, and they are hereby declared to be incorporated into a company, etc., and as such shall sue and be sued, and *Page 288 
are empowered to elect a president and directors." The case further states that at a regular meeting of the commissioners they reported that $56,000 were subscribed. That such report was received by the stockholders (one of whom the defendant was), and by them approved; that they proceeded to elect, and did elect, a president and directors. The company being thus established in the manner pointed out by the act, the defendant ought not to be permitted to dispute its existence; and the less so as he in part, by his vote, had confirmed it. If the commissioners improperly exercised the powers conferred upon them by the act, they cannot be called to an account by the defendant in the present action; some other remedy must be resorted to. I, therefore, think (537) that the company is authorized to sue, and, as the judgment of nonsuit was pronounced under a different impression, that a new trial should be granted.